# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAMAR MACKALL, et al., | : |
| v. | : Civil No. CCB-17-2145 |
| SAFELITE GROUP, INC., | : |

## **MEMORANDUM**

Plaintiffs Lamar Mackall and Ryan Hunter worked as technicians for defendant Safelite Group, Inc. ("Safelite"), an automobile windshield and window repair company. Plaintiffs have sued defendant under the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab & Empl., §§ 3-501, *et seq.* Before the court are the plaintiffs' motion for conditional certification of an FLSA collective action and for the court's assistance in identifying and notifying similarly situated employees and the defendant's motion for leave to file a surreply. For the reasons that follow, the motion for leave to file a surreply will be granted, and the motion for conditional class certification will be granted in part and denied in part.

## **BACKGROUND**

Mackall and Hunter were each employed as technicians by Safelite, which has seventeen locations in Maryland. Mackall was employed at Safelite's Columbia location from June 2013 to May 2017, and Hunter was employed at the Woodlawn, Reisterstown, and Columbia locations

1

from September 2009 to June 2017. (Mackall Decl. ¶ 4, ECF No. 7-2; Hunter Decl. ¶ 4, ECF No. 7-3.)[1] Specifically, Hunter worked at the Reisterstown location from September 2009 to August 2013, the Woodlawn location from August 2013 to October 2016, and at the Columbia location from October 2016 to June 2017. (Beiter Decl. ¶ 5, ECF No. 18-1.) The following facts are taken primarily from the plaintiffs' declarations submitted in support of the pending motion.

As technicians, Mackall and Hunter received service tickets assigning them repair work for Safelite. Technicians had to complete all assigned tickets by the end of each work day. They received base pay at an hourly rate and a nondiscretionary "Pay Per Performance" bonus calculated according to the repair work they completed. The plaintiffs allege that they and other technicians typically worked longer than 40 hours per week. Technicians' hours would increase during periods of inclement weather or other instances that resulted in damage to windshields and car windows. Allegedly, technicians had their time sheets adjusted down to 40 hours according to the "Forty Hour Plan." As a result, they did not receive overtime compensation in their base pay or nondiscretionary bonuses. The plaintiffs claim that if they refused to sign the adjusted time sheets, they would be penalized with a reduction in assigned service tickets, resulting in a reduced nondiscretionary bonus. They claim they saw other employees receive such penalties and that they and others did not receive adequate overtime compensation for their work. In January 2017, the plaintiffs state that Safelite held meetings in which they announced a new pay policy and admitted the illegality of their previous pay policies. (*See generally,* Hunter Decl., ECF No. 7-3; Mackall Decl., ECF No. 7-2; Compl.)

Mackall and Hunter filed suit on July 31, 2017, asserting claims for unpaid overtime wages under the FLSA, MWHL, and MWPCL. On September 11, 2017, they filed their motion

---

[1] Safelite does not admit that technician was the only position held by Mackall and Hunter during these time periods.

for conditional certification of a collective class and to facilitate identification and notice to similarly situated employees under 29 U.S.C. § 216(b) of the FLSA. (ECF No. 7-1.) In the memo accompanying that motion, they identified similarly situated employees as "employees hired by Defendants to perform work as technicians at Defendant's Maryland locations…during the period of March 1, 2014, to the present time." *Id.* at 9.

Safelite filed its opposition on October 16, 2017. (ECF No. 18.) The plaintiffs filed their reply on October 30, 2017, in which they expanded the requested class as follows:

> All individuals who were employed as technicians by Defendant within Defendant's Mid-Atlantic Region, which includes Maryland, Virginia, and Delaware, during the time period ranging from July 31, 2014 to January 1, 2017, and who did not receive proper compensation for all overtime hours worked in violation of the FLSA.

(Reply Def.'s Opp. Mot. Conditional Class Certification at 9, ECF No. 20).

Safelite filed a motion for leave to file a surreply on November 2, 2017, to challenge the introduction of a new proposed class definition in Plaintiffs' reply.

## ANALYSIS

Under the FLSA, a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). After the initial complaint is filed, other similarly situated employees may become party plaintiffs by giving "consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* Thus, § 216(b) "establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008). "When deciding whether to certify a collective action pursuant to the FLSA, courts generally follow a two-stage process." *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d

3

560, 566 (D. Md. 2012). "In the first stage, commonly referred to as the notice stage, the court makes a 'threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to the putative class members would be appropriate.'" *Id.* (quoting *Syrja v. Westat, Inc.*, 756 F. Supp. 2d 682, 686 (D. Md. 2010) (some internal quotation marks omitted)). "In the second stage, following the close of discovery, the court conducts a 'more stringent inquiry' to determine whether the plaintiffs are in fact 'similarly situated,' as required by § 216(b)." *Id.* (citation omitted). Thus, the central question here is whether the plaintiffs have proffered enough for the court to make the threshold determination that they are similarly situated to a group of potential plaintiffs. Similarly situated does not mean identical. Id. "Rather, a group of potential FLSA plaintiffs is 'similarly situated' if its members can demonstrate that they were victims of a common policy, scheme, or plan that violated the law." *Id.* To meet their burden at this stage, the plaintiffs must make "a relatively modest factual showing" to that effect. *Randolph v. PowerComm Const., Inc.*, 7 F. Supp. 3d 561, 575 (D. Md. 2014) (internal quotation marks omitted). "Mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000). Employees cannot reasonably be expected, however, to have evidence of a stated policy of refusing to pay overtime. *Quinteros*, 532 F. Supp. 2d at 772.

The statute of limitations to bring a claim under the FLSA is two years after the cause of action accrues, or three years if the violation is willful. 29 U.S.C. § 255(a). When there is conflicting evidence, "the issue of willfulness is an issue of material fact to be determined at trial." *Gionfriddo v. Jason Zink, LLC*, 769 F.Supp.2d 880, 891 (D.Md. 2011).

In this case, the plaintiffs have made a modest factual showing that they are similarly situated to other technicians and were subject to a common policy, scheme, or plan, that violated the law. According to their declarations, plaintiffs performed the same job duties of windshield and window repair according to the same service ticket assignment system. The need to complete their tickets, long scheduled shifts, and periods of increased demand for their services all led to working overtime for which they were not compensated. Supervisors adjusted their time sheets down to 40 hours to avoid paying overtime wages. The plaintiffs say they know of workers who did not approve the reduced time sheets and were penalized with reduced workloads, resulting in reduced pay. They were threatened with the same penalty if they did not approve the altered time sheets. This reduction was allegedly part of a "Forty Hour Plan" meant to avoid overtime pay for Safelite employees. The plaintiffs and other technicians were not compensated for the overtime they worked, in accordance with the "Forty Hour Plan." Taken together, these facts indicate that the technicians were subject to a common policy, scheme, or plan that deprived them of overtime wages to which they were entitled. *See Butler*, 876 F.Supp.2d at 568 (granting motion for conditional certification of satellite dish installation technicians where, among other things, a supervisor told technicians "not to record more than 40 hours per week on their timesheets"); *Camper*, 200 F.R.D. at 520-21 (granting conditional certification for a class of employees who were subject to "a company-wide policy regarding the use of time clocks" at one location where supervisors were aware of uncompensated work).

Safelite argues that a class should not be certified because the company's written policies contradict Mackall and Hunter's declarations, but "[i]t is well settled…that the promulgation of written policies, *per se*, is insufficient to immunize an employer from conduct that otherwise

5

contravenes the FLSA." *Mitchel v. Crosby Corp.*, 2012 WL 4005535 at *4 (D. Md. Sept. 10, 2012) (quoting *Essame v. SSC Laurel Operating Co.*, 847 F.Supp.2d 821, 2012 WL 762895 at *6 (D. Md. Mar. 12, 2012)).[2] The existence of written policies does not necessitate that said policies were followed; Safelite may have these written policies in place and simultaneously have supervisors who fail to follow them and encourage employees to approve reduced timesheets contrary to the written policies.

If the class is certified, Safelite argues for geographic and temporal limitations, with which the court generally agrees. First, Safelite argues that, should a class be certified, the appropriate time period would be July 31, 2014 through January 2017 at most. Safelite contests the plaintiffs' willfulness allegations, and argues that the two-year statute of limitations should apply, further limiting the time period to July 31, 2015 through January 2017. Willfulness, however, cannot be determined at this early stage of the case. The plaintiffs do not allege FLSA violations after Safelite amended its pay policies in January 2017, so certification of a class extending beyond that time would be overly broad. Including the time period preceding the earliest applicable statute of limitations would also be overly broad. Accordingly, the court will grant class certification for individuals employed between July 31, 2014, and January 1, 2017.

Second, the requested class of all technicians employed by Safelite in Maryland, Delaware, and Virginia is also too broad. The plaintiffs have only submitted evidence regarding the three locations in which they worked: Woodlawn, Reisterstown, and Columbia. Safelite submitted a declaration stating Hunter only worked at the Reisterstown location from September 2009 to August 2013. (Beiter Decl. ¶ 5.) As this period is outside the statute of limitations, Safelite argues employees at the Reisterstown location should not be included in the certified

---

[2] Unreported opinions are cited not for their precedential value, but for the soundness of their reasoning.

conditional class. Nonetheless, the activities alleged at the Reisterstown location are sufficiently close in time to the pattern established at the other two locations to permit its inclusion in the certified class.

The plaintiffs argue in their reply that the "Forty Hour Plan" that resulted in their reduced hours was implemented by a regional manager with responsibility for supervising Safelite locations in Maryland, Virginia, and Delaware. (Reply Def.'s Opp. Mot. Conditional Class Certification at 6, ECF No. 20). The plaintiffs' declarations, however, do not contain any evidence of implementation of this policy at other Safelite locations, nor have they submitted any additional factual support for this contention. Crucially, their declarations do not mention the regional supervisor at all. He is mentioned only in their complaint. (*Compare* Hunter Decl. ¶ 19, ECF No. 7-3, Mackall Decl. ¶ 17, ECF No. 7-2 ("Defendants instituted a policy to avoid paying me and their other employees overtime. They called the policy the "Forty Hour Plan. This plan denied myself and other technicians the overtime we earned") *with* Compl. ¶ 56 ("The policy was developed to ensure Plaintiffs and other technicians would work unpaid overtime. The policy was instituted by Defendant's regional manager, Ronald Wamhoff […] It was referred to as 'Ronnie's Forty Hour Plan' ('Forty Hour Plan' or 'Plan')").)

Allegations in a complaint alone are insufficient to support a conditional class certification. *See Camper*, 200 F.R.D. at 519. Therefore, the court will approve a class definition limited to the locations in which defendants worked during the relevant time period—Columbia and Woodlawn—and closely preceding that—Reisterstown. *See id.* (approving a conditional class limited to one location, where plaintiffs had submitted evidence of a company-wide policy without evidence of supervisors' knowledge of uncompensated work at other locations); *Mitchel*,

2012 WL 4005535 at *3 (limiting class certification to one location where plaintiffs failed to offer evidence of failure to pay overtime at any other location).

The court will grant Safelite's motion for leave to file a surreply. "Leave to file a surreply may be granted when the movant otherwise would be unable to contest matters presented for the first time in the opposing party's reply." *Hossfeld v. Government Employees Ins.Co.*, 88 F.Supp.3d 504, 508 (D.Md. 2015) (citing *Khoury v. Meserve,* 268 F.Supp.2d 600, 605 (D.Md. 2003), *aff'd*, 85 Fed.Appx. 960 (4th Cir. 2004)). The plaintiffs raised a new matter in their reply by expanding the class definition, and Safelite should have the opportunity to address this issue. The court has considered the arguments made in this surreply in reaching its decision on the motion for conditional certification of a class.

Accordingly, the court will grant the plaintiffs' motion for conditional certification of a class only of all technicians employed in the Woodlawn, Reisterstown, and Columbia locations from July 31, 2014 through January 1, 2017. The court also will direct the parties to confer as to the content of an appropriate notice.

A separate order follows.

 12/5/2017_____ _____/s/_____
Date Catherine C. Blake
United States District Judge